# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    **Plaintiff,**

**vs.**                                                  **Case No.  4:21cv324-MW-MAF**

**FLORIDA DEPARTMENT OF EDUCATION,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on August 3, 2021. Although Plaintiff submitted a complaint raising claims under Title VII and the Age Discrimination in Employment Act, he did not pay the filing fee or file an in forma pauperis motion. Plaintiff was advised to do one or the other no later than September 7, 2021. ECF No. 3.

In late August, Plaintiff filed a motion requesting the appointment of counsel. ECF No. 4. He also submitted the required notice of other prior, similar actions in early September. ECF No. 5. On September 7, 2021, Plaintiff's motion was denied without prejudice and, as a courtesy, Plaintiff

was given additional time in which to comply with the prior Order, ECF No. 3.  ECF No. 6.  He was given until **September 17, 2021**, to do so and, moreover, advised that if he no longer desired to proceed with this case and/or conceded that it was duplicative,[1] Plaintiff was directed to file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a) by the same deadline.  *Id.*

As of this date, nothing further has been received from Plaintiff.  Because Plaintiff was warned that a recommendation would be made to dismiss this case if he did not comply by the deadline provided, it appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily

---

[1] Plaintiff filed two cases against the Florida Department of Education in five days.  *See also* case number 4:21cv319-AW-MAF.

Case No. 4:21cv324-MW-MAF

vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss an action for failing to comply with Rule 11. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here Plaintiff was forewarned twice and has not complied with two Court orders. Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on September 28, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**